**THE WAGNER FIRM**
Avi Wagner (#226688)
  *avi@thewagnerfirm.com*
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:    (310) 491-7949
Facsimile:    (310) 694-3967

*Attorneys for Plaintiff Riccardo Baron*

[additional counsel appear on following page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICCARDO BARON, Derivatively on Behalf of LENDINGCLUB CORPORATION, | Case No.:  3:18-cv-04391-WHA |
| Plaintiff, | **JOINT STIPULATION AND [PROPOSED] ORDER CONSOLIDATING RELATED ACTIONS AND APPOINTING CO-LEAD COUNSEL** |
| v. | |
| SCOTT SANBORN, STEVE ALLOCCA, SAMEER GULATI, THOMAS W. CASEY, RENAUD LAPLANCHE, CARRIE L. DOLAN, JOHN C. MORRIS, DAN CIPORIN, KEN DENMAN, JOHN MACK, TIMOTHY MAYOPOULOS, PATTY McCORD, MARY MEEKER, and SIMON WILLIAMS, | |
| Defendants, | |
| -and- | |
| LENDINGCLUB CORPORATION, | |
| Nominal Defendant. | |
| RAJENDER CHEEKATAMARLA, Derivatively on Behalf of LENDINGCLUB CORPORATION, | Case No.:  3:19-cv-00563-SK |
| Plaintiff, | |
| v. | |

SCOTT SANBORN, DANIEL CIPORIN,
KENNETH DENMAN, JOHN J. MACK,
TIMOTHY MAYOPOULOS, PATRICIA
MCCORD, MARY MEEKER, JOHN C.
MORRIS, SIMON WILLIAMS, and
THOMAS W. CASEY,

                              Defendants,

        -and-

LENDINGCLUB CORPORATION,

                              Nominal Defendant.

DAVID J. STONE (SBN 208961)
stone@bespc.com
MELISSA A. FORTUNATO (SBN 319767)
fortunato@bespc.com
TODD H. HENDERSON
henderson@bespc.com
BRAGAR EAGEL & SQUIRE, P.C.
885 Third Avenue, Suite 3040
New York, NY 10022
Telephone:     (212) 308-5858

*Additional Attorneys for Plaintiff Riccardo Baron*

Jon A. Tostrud, Esq.
jtostrud@tostrudlaw.com
TOSTRUD LAW GROUP, P.C.
1925 Century Park East, Ste. 2100
Los Angeles, CA. 90067
Tel: (310) 278-2600
Fax: (310) 278-2640

Thomas J. McKenna
tjmckenna@gme-law.com
Gregory M. Egleston
gegleston@gme-law.com
GAINEY McKENNA & EGLESTON
440 Park Avenue South, 5th Floor
New York, NY 10016
Tel: (212) 983-1300
Fax: (212) 983-0383

1

2
*Attorneys for Plaintiff Rajendar Cheekatamarla*

3
JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com

4
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com

5
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building

6
405 Howard Street
San Francisco, CA  94105-2669

7
Telephone:    (415) 773-5700

8
Facsimile:     (415) 773-5759

9
*Attorneys for Nominal Defendant*
*LendingClub Corporation and Defendants Scott Sanborn, Steve Allocca, Sameer Gulati,*

10
*Thomas W. Casey, John C. Morris, Dan Ciporin, Ken Denman, John Mack, Timothy J.*
*Mayopoulos, Patty McCord, Mary Meeker and Simon Williams*

11

12
ROBERT J. LIUBICIC (SBN 271465)
rliubicic@milbank.com

13
MILBANK LLP
2029 Century Park East, 33rd Floor

14
Los Angeles, CA 90067

15
Telephone:    (424) 386-4000

16
*Attorneys for Defendant Renaud Laplanche*

17
CHARLENE S. SHIMADA (SBN 91407)
Charlene.shimada@morganlewis.com

18
MORGAN, LEWIS & BOCKIUS LLP

19
One Market, Spear Street Tower
San Francisco, CA 94105

20
Telephone:    (415) 442-1000

21
*Attorneys for Defendant Carrie L. Dolan*

22

23

24

25

26

27

28

1       WHEREAS, on July 19, 2018, Plaintiff Riccardo Baron filed a stockholder derivative

2   complaint, purportedly on behalf of nominal defendant LendingClub Corporation ("LendingClub" or

3   "Nominal Defendant"), in this Court (the "*Baron* Action"), against defendants Scott Sanborn, Steve

4   Allocca, Sameer Gulati, Thomas W. Casey, Renaud Laplanche, Carrie L. Dolan, John C. Morris, Dan

5   Ciporin, Ken Denman, John Mack, Timothy J. Mayopoulous, Patty McCord, Mary Meeker, and Simon

6   Williams (the "Individual Defendants," and together with the Nominal Defendant, the "Defendants");

7       WHEREAS, on January 31, 2019, Plaintiff Rajender Cheekatamarla filed a related stockholder

8   derivative complaint, purportedly on behalf of LendingClub, in this Court (together with the *Baron*

9   Action, the "Related Actions"), against defendants Scott Sanborn, Daniel Ciporin, Kenneth Denman,

10  John J. Mack, Timothy Mayopoulos, Patricia McCord, Mark Meeker, John C. Morris. Simon Williams,

11  Thomas W. Casey, and LendingClub;

12      WHEREAS, on August 30, 2018, plaintiff Baron and Defendants agreed to stay the *Baron*

13  Action pending the resolution of a motion to dismiss a factually-related putative securities fraud class

14  action pending in this Court, captioned *Veal v. LendingClub Corporation, et al.*¸ Case No. 5:18-cv-

15  02599-BLF (the "*Veal* Securities Action"), and the Court "so ordered" the stay of the *Baron* Action on

16  September 4, 2018;

17      WHEREAS, under Fed. R. Civ. P. 42(a), when actions involve "a common question of law or

18  fact," the Court may "(1) join for hearing or trial any or all matters at issue in the actions; (2)

19  consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay";

20      WHEREAS, the Related Actions contain nearly identical factual and legal contentions, assert

21  substantially the same claims against substantially the same defendants, purportedly on behalf of the

22  same nominal defendant;

23      WHEREAS, to avoid potentially duplicative actions and to prevent any waste of the Court's

24  resources, the parties agree that the Related Actions should be formally related and consolidated for all

25  purposes, including pre-trial proceedings and trial, into a single consolidated action (the "Consolidated

26  Action");

27

28

WHEREAS, the parties further agree that the Consolidated Action should remain stayed pending the resolution of the motion to dismiss in the *Veal* Securities Action, pursuant to the Court's September 4, 2018, Order;

WHEREAS, without waiving any rights, arguments or defenses, Defendants take no position regarding appointment of Co-Lead Counsel or Liaison Counsel for the Consolidated Action;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, and upon approval and entry by the Court shall be ORDERED, as follows:

1.     The Related Actions are hereby consolidated for all purposes, including pretrial proceedings, trial, and appeal, and are referred to herein as the "Consolidated Action."

2.     This Joint Stipulation and Order shall apply to any action arising out of the same transactions and occurrences as the Related Actions and asserting direct and/or derivative state law claims and/or derivative claims based on the federal securities laws, whether filed in this Court or transferred here.  Co-Lead Counsel shall assist the Court by calling to the Court's attention the filing or transfer of any such action, and Co-Lead Counsel shall assure that counsel therein receive notice of this Stipulation and Order.  Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Action shall apply to all later-filed stockholder derivative actions consolidated herein.

3.     The file in *Baron v. Sanborn, et al.*, Case No. 3:18-cv-04391-WHA, shall constitute a Master File for every action in the Consolidated Action.  The cover page of every document filed shall contain the phrase "This Document Relates To:" followed by: "All Actions," if the document relates to all actions, or if the document applies to fewer than all actions, a list of the document numbers for the action(s) to which the document applies, along with the last name of the first-listed plaintiff in said action(s).

4.      Every pleading filed in the Consolidated Action or in any separate action included herein, shall bear the following caption:

| | |
|---|---|
| IN RE LENDINGCLUB CORPORATION STOCKHOLDER DERIVATIVE LITIGATION | Master File No.: 3:18-cv-04391-WHA |

5.      The following law firms are designated Co-Lead Counsel for Plaintiffs in the Consolidated Action:

Bragar Eagel & Squire, P.C.            Gainey McKenna & Egleston
885 Third Avenue, Suite 3040          440 Park Avenue South, 5th Floor
New York, New York 10022             New York, New York 10016
Telephone: (212) 308-5858            Telephone: (212) 983-1300

Bragar Eagel & Squire, P.C., and Gainey McKenna & Egleston have demonstrated that they are qualified to advocate for Plaintiffs. *See* firm resumes attached hereto as Exhibits A and B respectively. Defendants take no position on the appointment of lead counsel for Plaintiffs.

6.      Co-Lead Counsel shall represent Plaintiffs in the prosecution of the Consolidated Action, determine and present to the Court and opposing parties Plaintiffs' position on all matters arising during pretrial proceedings, delegate and monitor the work performed by Plaintiffs' attorneys to ensure that there is no duplication of effort or unnecessary expense, coordinate on behalf of the Plaintiffs the initiation and conduct of discovery proceedings, have the authority to negotiate matters with Defendants' counsel, and perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities or as authorized by further order of the Court. Defendants' counsel may rely on all agreements made with either of Co-Lead Counsel or other duly authorized representative of Co-Lead Counsel, and such agreements shall be binding on all Plaintiffs.

7.      The following law firm is designated as Plaintiffs' Liaison Counsel in this Consolidated Action:

The Wagner Firm
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 491-7949

8.      Plaintiffs' Liaison Counsel shall perform all tasks expected of California counsel and shall be primarily responsible for communications between Plaintiffs and the Court and for Plaintiffs' filings with the Court.

9.      The Parties to this Stipulation agree that it would be duplicative and wasteful of the Court's resources for any Defendant who has been properly served, or has agreed to accept service, or who is served in the future, to have to respond to any individual complaint or to any other related complaint that is hereafter assigned or transferred to this Court and consolidated with the Consolidated Actions, whether by answer or motion, before Plaintiffs file a consolidated complaint in the Consolidated Action or Plaintiffs designate the operative complaint.  Therefore, the Parties to this Stipulation agree that any Defendant who has been properly served, has agreed to accept service, or who is served in the future, need only respond to, plead against, move against, or answer the Consolidated Complaint or the complaint designated by Plaintiffs as the operative complaint in the Consolidated Action, subject to the pending stay of proceedings.  To the extent that any Defendant now named in any of the existing complaints filed in the Consolidated Action is not named in the Consolidated Complaint, the claims against such Defendant shall be deemed dismissed without prejudice.  Any pleading previously filed or served in one of the Actions shall become part of the Consolidated Action.

10.      This Order is without prejudice to the right of any Defendant to raise any and all arguments or defenses concerning the claims raised in the Consolidated Action or the jurisdiction of this Court.  By entering into this Stipulation, each Defendant preserves all objections and challenges of any kind, including jurisdictional.

11.      The parties who have signed this Stipulation consent to service by electronic mail of all pleadings and documents in the Consolidated Actions, and such service shall be effective

1   upon transmission, unless the serving party learns that the document did not reach the person to

2   be served, and no such other service shall be required.

3          12.    The terms of the temporary stay of the *Baron* Action entered by the Court on

4   September 4, 2018, shall remain in effect for the Consolidated Action.

5   Dated: March 18, 2019          DAVID J. STONE
                                     BRAGAR EAGEL & SQUIRE, P.C.

6

7

8                                       */s/ David J. Stone*
                                     David J. Stone

9

10                                  *Attorneys for Plaintiff Riccardo Baron*

11  Dated: March 18, 2019          JON A TOSTRUD
                                     TOSTRUD LAW GROUP, P.C.

12

13

14                                      */s/ Jon A. Tostrud*
                                     Jon A. Tostrud

15                               *Attorneys for Plaintiff Rajender Cheekatamarla*

16

17

18  Dated: March 18, 2019          ALEXANDER K. TALARIDES
                                     ORRICK, HERRINGTON & SUTCLIFFE LLP

19                                      */s/ Alexander K. Talarides*

20                                  ALEXANDER K. TALARIDES

21                               *Attorneys for Nominal Defendant LendingClub*

22                         *Corporation and Defendants Scott Sanborn, Steve*
                       *Allocca, Sameer Gulati, Thomas W. Casey, John C.*

23                         *Morris, Dan Ciporin, Ken Denman, John Mack,*

24                         *Timothy J. Mayopoulos, Patty McCord, Mary*
                       *Meeker and Simon Williams*

25

26

27

28

1   Dated: March 18, 2019                    ROBERT J. LIUBICIC
2                                            MILBANK LLP

3
4                                            _____/s/ Robert J. Liubicic_____
                                             Robert J. Liubicic
5
6                                            *Attorneys for Defendant Renaud Laplanche*

7   Dated: March 18, 2019                    CHARLENE S. SHIMADA
8                                            MORGAN, LEWIS & BOCKIUS LLP

9
10                                           _____/s/ Charlene S. Shimada_____
                                             Charlene S. Shimada
11
12                                           *Attorneys for Defendant Carrie L. Dolan*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   **ORDER**

2       Based on the stipulation of the signed parties, and good cause appearing, IT IS HEREBY

3   ORDERED that the Stipulation is approved.

4       **It is so ORDERED.**

5

6

7

8   DATED:   __April 25, 2019.__      _____

9                                     THE HONORABLE WILLIAM ALSUP
                                      UNITED STATES DISTRICT JUDGE