| | |
|---|---|
| 1 | JAMES N. KRAMER (SBN 154709)<br>jkramer@orrick.com |
| 2 | ALEXANDER K. TALARIDES (SBN 268068)<br>atalarides@orrick.com |
| 3 | ORRICK, HERRINGTON & SUTCLIFFE LLP<br>The Orrick Building |
| 4 | 405 Howard Street<br>San Francisco, CA 94105-2669 |
| 5 | Telephone:   (415) 773-5700<br>Facsimile:    (415) 773-5759 |
| 6 | |
| 7 | *Attorneys for Nominal Defendant*<br>*LendingClub Corporation and Defendants Scott* |
|   | *Sanborn, Steve Allocca, Sameer Gulati, Thomas W.* |
| 8 | *Casey, John C. Morris, Dan Ciporin, Ken Denman,*<br>*John Mack, Timothy J. Mayopoulos, Patty McCord,* |
| 9 | *Mary Meeker, and Simon Williams* |
| 10 | [additional counsel appear on the signature page] |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| RICCARDO BARON, Derivatively on Behalf of LENDINGCLUB CORPORATION, | ) ) ) | Case No. 18-cv-04391-BLF |
| Plaintiff, | ) ) | **STIPULATION AND [PROPOSED]**<br>**ORDER VOLUNTARILY** |
| v. | ) ) | **DISMISSING ACTIONS WITHOUT**<br>**PREJUDICE** |
| SCOTT SANBORN, ET AL., | ) ) | |
| Defendants, | ) ) | |
| -and- | ) ) | |
| LENDINGCLUB CORPORATION, | ) ) | |
| Nominal Defendant. | ) ) | |
| RAJENDER CHEEKATAMARLA, Derivatively on Behalf of LENDINGCLUB CORPORATION, | ) ) ) ) | Case No. 19-cv-00563-BLF |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SCOTT SANBORN, ET AL., | ) ) | |
| Defendants, | ) ) | |
| -and- | ) ) | |
| LENDINGCLUB CORPORATION, | ) ) | |
| Nominal Defendant. | ) ) ) | |

Pursuant to Rules 23.1(c) and 41(a) of the Federal Rules of Civil Procedure, plaintiffs Riccardo Baron ("Baron") and Rajender Cheekatamarla ("Cheekatamarla," and with Baron, "Plaintiffs"), nominal defendant LendingClub Corporation ("LendingClub" or the "Company"), and defendants Scott Sanborn, Thomas Casey, Carrie Dolan, Steve Allocca, Sameer Gulati, Renaud Laplanche, John Morris, Dan Ciporin, Ken Denman, John Mack, Timothy Mayopoulos, Patty McCord, Mary Meeker, and Simon Williams (the "Individual Defendants," and with LendingClub, "Defendants") (collectively, the "Parties"), by and through their counsel, respectfully request that the Court enter an Order voluntarily dismissing the above-captioned actions without prejudice. The Parties state as follows:

WHEREAS, on July 19, 2018, Baron filed a putative shareholder derivative action purportedly on behalf of LendingClub asserting claims for, among other things, alleged breaches of fiduciary duties and violations of the Securities Exchange Act of 1934 ("Exchange Act") against the Individual Defendants, *see Baron v. Sanborn, et al.*, Case No. 18-cv-04391-BLF (N.D. Cal.), ECF 1 (the "*Baron* Action");

WHEREAS, on January 31, 2019, Cheekatamarla filed a substantially similar putative shareholder derivative action purportedly on behalf of LendingClub against most of the Individual Defendants, *see Cheekatamarla v. Sanborn, et al.*, Case No. 19-cv-00563-BLF (N.D. Cal.), ECF 1 (the "*Cheekatamarla* Action");

WHEREAS, on April 25, 2019, the Court entered an order consolidating the *Cheekatamarla* Action with the *Baron* Action (collectively, the "Consolidated Derivative Actions"), *see Baron* Action, ECF 29;

WHEREAS, the Consolidated Derivative Actions are based on the same facts and circumstances alleged, and involve substantially the same defendants named, in a putative federal securities class action that was filed in this Court on May 2, 2018, captioned *Veal v. LendingClub Corp., et al.*, Case No. 18-cv-02599-BLF (N.D. Cal.) (the "Securities Action");

WHEREAS, the Consolidated Derivative Actions, like the Securities Action, assert that certain of the Individual Defendants committed violations of the Exchange Act, challenge as false and misleading substantially the same alleged misstatements at issue in the Securities Action, and

allege damages to LendingClub arising, in part, from a potential adverse judgment against the Company in the Securities Action;

WHEREAS, on October 4, 2019, the Court entered an order pursuant to Civil Local Rule 3-12 formally relating the Consolidated Derivative Actions to the Securities Action and stating that the Court was "inclined to stay the Derivative Action, pending the resolution of the Securities Action," Securities Action, ECF 89 at 1;

WHEREAS, on October 15, 2019, the Court entered an order staying the Consolidated Derivative Actions "pending the resolution of the Securities Action," *Baron* Action, ECF 37 at 2;

WHEREAS, on November 4, 2019, the Court entered an order granting the defendants' motions to dismiss the first amended complaint in the Securities Action with leave to amend, *see* Securities Action, ECF 92;

WHEREAS, on June 12, 2020, the Court entered an order granting the defendants' motion to dismiss the second amended complaint in the Securities Action with leave to amend in part, and without leave to amend in part, *see* Securities Action, ECF 113;

WHEREAS, on July 27, 2020, the plaintiffs in the Securities Action informed the Court that they did not intend to file a third amended complaint, and the Court accordingly entered a judgment in the Securities Action dismissing the plaintiffs' claims with prejudice, *see* Securities Action, ECF 117-118;

WHEREAS, on July 27, 2020, the Court entered an order lifting the stay of the Consolidated Derivative Actions and directing the Parties to advise the Court at the case management conference set for September 24, 2020, on the future of the Consolidated Derivative Actions "in light of the dismissal of the Securities Action," *Baron* Action, ECF 39 at 1;

WHEREAS, given that the Consolidated Derivative Actions assert Exchange Act and state law disclosure claims against substantially the same defendants named, and based on substantially the same alleged misstatements at issue, in the Securities Action, and allege damages to LendingClub arising, in part, from a potential adverse judgment against the Company in the Securities Action, Plaintiffs have determined that, in light of the dismissal of the Securities Action, prosecution of the Consolidated Derivative Actions would be a waste of Court and Party

1 resources, and would not be in the best interests of LendingClub, and thus Plaintiffs have agreed
2 to voluntarily dismiss the Consolidated Derivative Actions without prejudice, with each Party to
3 bear their own costs and fees; and

4     WHEREAS, the Parties respectfully submit that notice of the voluntary dismissal of the
5 Consolidated Derivative Actions is unnecessary to protect the interests of LendingClub and its
6 shareholders because: (i) Plaintiffs seek dismissal without prejudice; (ii) there has been no
7 settlement or compromise; (iii) there has been no collusion among the Parties; and (iv) neither
8 Plaintiffs nor their counsel have received or will receive any consideration from Defendants for
9 the dismissal. *See, e.g.*, *Police Ret. Sys. of St. Louis v. Flynn*, Case No. 14-cv-00190-LHK (N.D.
10 Cal. Aug. 6, 2014), ECF 35 (order approving, under similar circumstances, parties' stipulation to
11 voluntarily dismiss derivative action without requiring notice); *Burlingame v. Martin*, Case No.
12 11-cv-6703-CW (N.D. Cal. Apr. 12, 2013), ECF 40 (same).

### RELIEF REQUESTED

14     NOW THEREFORE, the Parties STIPULATE and AGREE, and request that the Court
15 enter an Order approving the voluntary dismissal of the Consolidated Derivative Actions pursuant
16 to Rules 23.1(c) and 41(a) of the Federal Rules of Civil Procedure, as follows:

17     1. The *Baron* Action (Case No. 18-cv-04391-BLF) is dismissed without prejudice;
18     2. The *Cheekatamarla* Action (Case No. 19-cv-00563-BLF) is dismissed without
19        prejudice;
20     3. For the reasons stated above, notice of said dismissals is not required; and
21     4. Each Party shall bear their own costs and fees.

22 **IT IS SO STIPULATED.**

|   |   |
|---|---|
| Dated: August 11, 2020 | **ORRICK, HERRINGTON & SUTCLIFFE LLP**<br><br>*/s/ Alexander K. Talarides*<br>Alexander K. Talarides<br>*Attorneys for Nominal Defendant LendingClub Corporation and Defendants Scott Sanborn, Steve Allocca, Sameer Gulati, Thomas W. Casey, John C. Morris, Dan Ciporin, Ken Denman, John Mack, Timothy J. Mayopoulos, Patty McCord, Mary Meeker and Simon Williams* |
| Dated: August 11, 2020 | **MILBANK LLP**<br><br>*/s/ Robert J. Liubicic*<br>Robert J. Liubicic<br>*Attorneys for Defendant Renaud Laplanche* |
| Dated: August 11, 2020 | **MORGAN, LEWIS & BOCKIUS LLP**<br><br>*/s/ Lucy Wang*<br>Lucy Wang<br>*Attorneys for Defendant Carrie Dolan* |
| Dated: August 11, 2020 | **BRAGAR, EAGEL & SQUIRE P.C**.<br><br>*/s/ David J. Stone*<br>David J. Stone<br>*Attorneys for Plaintiff Riccardo Baron* |
| Dated: August 11, 2020 | **GAINEY, MCKENNA & EGLESTON LLP**<br><br>*/s/ Thomas J. McKenna*<br>Thomas J. McKenna<br>*Attorneys for Plaintiff Rajender Cheekatamarla* |

### CIVIL L.R. 5-1 ATTESTATION

I, Alexander K. Talarides, attest that concurrence in the filing of this document has been obtained from all signatories.

*/s/ Alexander K. Talarides*
ALEXANDER K. TALARIDES

**ORDER**

Based on the stipulation of the signed parties, and good cause appearing, **IT IS HEREBY ORDERED** that the Stipulation is approved and that:

1. The *Baron* Action (Case No. 18-cv-04391-BLF) is dismissed without prejudice;
2. The *Cheekatamarla* Action (Case No. 19-cv-00563-BLF) is dismissed without prejudice;
3. For the reasons stated in the Stipulation, notice of said dismissals is not required under Fed. R. Civ. P. 23.1(c); and
4. Each Party shall bear their own costs and fees.

**IT IS SO ORDERED.**

DATED: August 11, 2020

/s/ Beth Labson Freeman
HONORABLE BETH LABSON FREEMAN
United States District Judge